Price, J.
The plaintiff in error and certain defendants in error are tenants in common, in certain lands, fifty acres of which are in Ashland county, and the other lands, consisting of about three hundred and twenty acres, are situate in Richland county.
On the 4th day of March, 1908, Camille King, one of said tenants in common, filed in the court of common pleas of Richland her petition praying for the partition of all of the lands, and she alleges that she is seized in fee simple of one-seventh part, and that G. L. Darling, Willard E. Darling, Plerbert Darling, Laucena P. Glasgow, Florence Statler and Relia M. Stichler, are each seized of one-seventh part as tenants in common with the plaintiff.
Most of the defendants waived summons and entered their appearance. The others were duly served with process.
On the 4th day of August, 1908, the court found the interests of the several tenants as alleged in the petition and ordered partition ac *29 cordingly. Commissioners were appointed to make partition, if the same could be made, if not, to appraise the premises.
On the 20th day of August, 1908, the commissioners reported that the estate could not be divided without injury to the value thereof, and returned appraisement of the lands in Ashland county separate from the appraisement of the lands in Richland county. The record shows the following: “And thereupon neither of the said parties electing to take the said estate or any portion thereof at its appraised value, on motion of the plaintiff, it is ordered that said estate be sold at public auction according to law, and that an order issue therefor to the sheriff of Richland county.”
The writ issued the next day.
The foregoing order of sale was made at the February term, 1908, and on August 20th of that year.
The next step disclosed by the record was taken on the 21st day of September, 1908, when W. E. Darling filed his application to take the premises (fifty acres) situate in Ashland county at the appraised value thereof, and the record says: “And the court being advised in the premises do adjudge the same to W. E. Darling, upon his paying into the sheriff the amount of said appraised value less his proportionate share, and said sheriff of this county is ordered upon his so doing, to make, execute and deliver a deed for said premises. Order of sale with reference to said Ashland county tract is hereby recalled.”
*30 On the 26th day of October, and at the September term, 1908, the sale of the Richland county lands was confirmed and deeds ordered. This order of confirmation was contested and as to the Ashland county lands, G. L. Darling, one of the co-tenants had filed his motion on the 30th day of September, 1908, to set aside the deed to W. E. Darling for the fifty acres in Ashland county pursuant to his election, and the grounds of his motion are set out in an affidavit in support thereof, which in substance are, that he had no notice or knowledge that Willard Darling had elected to take the Ashland county land at the appraised value thereof until the day of sale fixed by the sheriff’s writ, and until a few minutes before the hour of sale; that he had not consented to said election, and that he attended the sale for the purpose of purchasing said Ashland county tract and that he, G. L. Darling, then elected to take said tract at the appraised value. This election was not recognized and the court refused to disturb the election made by Willard E. Darling and the deed made by the sheriff in pursuance thereof, and G. L. Darling excepted to the rulings of the court.
Having approved of the election of Willard E. Darling as to the fifty acres in Ashland county and disregarded the offer to elect made by G. L. Darling, the court confirmed the sales as to the other lands and ordered distribution.
G. L. Darling prosecuted error in the circuit court to reverse the order and proceedings of the court of common pleas in relation to the fifty acres in Ashland county.
*31 The circuit court reversed the order and proceedings of the court of common pleas had and made regarding the said fifty acres and remanded the case to the court of common pleas for further proceedings according to law.
Willard E. Darling prosecutes error here to reverse the judgment of the circuit court.
The order of partition and also the order of sale of all the lands, were made during the February term, 1908, although made in August of that year. The sheriff, in pursuance of the order of sale, advertised the sale to take place on the 26th of September, 1908. All parties in interest would naturally look forward to that date as the time fixed to dispose of the entire estate. No tenant in common had announced an election to take any part of the premises at the appraisal. But at the subsequent September term, and only five days prior to the day of sale as advertised, Willard E. Darling made an election to take the Ashland county land at the appraisal, and the court recognized his election and ordered that the “order of sale with reference to said Ashland county tract is hereby recalled.” This election and the order quoted were had and made without any notice to the other co-tenants, certainly without notice to or knowledge of G. L. Darling, and, as said, at a term of court subsequent to that when the first order of sale was made. G. L. on the day of sale promptly endeavored to have the court set aside the proceedings, so summarily had, but without success in that court, and it seems that Willard E. was permitted to secretly gain an advantage over his co-tenants. We think this was error.
*32 Section 5762, Revised Statutes, provides: “When the commissioners are of opinion that the estate’ cannot be divided according to the demand of the writ, without manifest injury to the value thereof, they shall return that fact to the court, with a just valuation of the estate. Whereupon, if the court approve of the return, and one or more of the parties elect to take the estate at such appraised value, the same shall be adjudged to him or them, upon his or their paying to the other parties their proportion of the appraised value thereof, according to their respective rights, or securing the same as hereinafter provided.”
The next section provides, “that if one or more of the parties elect to take the estate at the appraised value, the terms of payment, unless the court on good cause shown by special order direct and require the entire payment to be made in cash, or unless all the parties in interest agree thereon, shall be one-third cash,” etc.
Section 5764 provides: “If no such election to take the estate be made, the court may, at the instance of a party, make an order for the sale thereof at public auction, by the sheriff who executed the writ of partition, or his successor in office.”
The next section directs the manner of conducting the sale.
If Willard E. Darling, on confirmation of the report of the commissioners appraising all the estate, had elected to take the Ashland county land at the appraised value, he could have properly done so, as it had a separate value. However the *33 right to elect did not anide alone in Willard, but any one or more of the co-tenants had the same right. They stood as equals in relation to that right, and if two or more had elected to take this tract of land at the appraised value, a public sale of the same would have been required. Moreover the right of election should be exercised at the proper time, namely, after the report of the commissioners had been approved by the court, and before a sale was ordered.
The record shows that no one had made an election when the order of sale was issued and not until five days previous to the day fixed for the sale by the sheriff.
As before stated, the finding- of the court that no one had elected, and the order to sell, was made at the February term of court, and the election of Willard E. and the order of the court recalling the order of sale as to the Ashland county land and adjudging it to Willard E., were made at the subsequent September term, without notice to the other co-tenants, especially G. L. Darling. The court had no jurisdiction to entertain such an election and was without jurisdiction to adjudge the premises to Willard E. and order the sheriff to convey to him.
When the proper time and opportunity for election had passed by and a public sale of the entire lands was being advertised, the right of election had gone by, unless it could be consented to by the other co-tenants. No such consent was asked or obtained, and the election in controversy is-void, and the proceedings of the court of com *34 mon pleas approving that election are likewise void.
This view is in harmony with the judgment of the circuit court and the same is affirmed.

Judgment affirmed.

Spear, C. J., Shauck and Johnson, JJ., concur. Donahue, J., not participating.